## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

JEFF GONZALEZ                                                                  PLAINTIFF

v.                                       CIVIL ACTION NO. 1:21-CV-P110-GNS

WARREN COUNTY REGIONAL JAIL                                  DEFENDANT

## MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening of the action pursuant to 28 U.S.C. § 1915A. For the following reasons, the action will be dismissed.

### I.

Plaintiff is incarcerated as a pretrial detainee at Warren County Regional Jail (WCRJ), which he has named as the Defendant in this action.

Plaintiff alleges that on one occasion he choked on a piece of a plastic bag that had contained his carrots. Plaintiff states that the plastic cut the inside of his mouth and became stuck in his windpipe for ten to fifteen seconds. He states that he filed a grievance regarding this incident but received no response. Plaintiff further alleges that on another occasion he found bones in the meat on his tray and "got them caught in my throat." Plaintiff states that he is now scared for his life and is having flashbacks of choking on the plastic. He concludes, "I could have died and no one would have cared and the people here in this Warren County Jail seem like they don't care if I die or not."

As relief, Plaintiff seeks damages and "medical assistance."

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

While the Eighth Amendment provides a convicted inmate the right to be free from cruel and unusual punishment, the Due Process Clause of the Fourteenth Amendment provides the same protections for pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F. 3d 907, 915 (6th Cir. 2016)). The Sixth Circuit "has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment

3

prisoner claims 'under the same rubric.'" *Id*. (quoting *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)).[1]

The Eighth Amendment prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). The Constitution "does not mandate comfortable prisons[,]" *Rhodes*, 452 U.S. at 349, and "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

More specifically, courts have held that isolated instances of foreign objects in food do not give rise to a constitutional claim. *See, e.g.*, *Balcar v. Smith*, No. 17-5159, 2017 U.S. App. LEXIS 16462, at *4 (6th Cir. July 17, 2017) ("Isolated exposure to foreign bodies in food, including those of rodents and insects, does not constitute an Eighth Amendment violation."); *Hamm v. Dekalb Cty.*, 774 F.2d 1567, 1572 (11th Cir. 1985) ("The fact that the food

---

[1] At this time, the only explicit exception in the Sixth Circuit to the general rule that rights under the Eighth Amendment are co-extensive with rights under the Fourteenth Amendment pertains to excessive-force claims brought by pretrial detainees. *See, e.g.*, *Richmond v. Huq*, 885 F. at 938 n.3 (recognizing that *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), abrogated the subjective intent requirement for Fourteenth Amendment excessive-force claims and that the standard which governs pretrial detainee claims may be shifting, but declining to apply the *Kingsley* standard to a pretrial detainee claim of deliberate indifference to a serious medical need); *see also Hicks v. Scott*, 958 F.3d 421, 438 (6th Cir. 2020); *Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016); *McCain v. St. Clair Cty.*, 750 F. App'x 399, 403 (6th Cir. 2018); *Medley v. Shelby Cty.*, 742 F. App'x 958, 961 (6th Cir. 2018); *Ruiz-Bueno III v. Scott*, 639 F. App'x 354, 358 (6th Cir. 2016) (all continuing to apply the deliberate-indifference standard to pretrial detainee conditions-of-confinement claims without considering *Kingsley*).

occasionally contains foreign objects . . . does not amount to a constitutional deprivation."); *Russell v. City of Philadelphia*, No. 08-cv-5442, 2010 U.S. Dist. LEXIS 50456, at *22 (E.D. Pa. May 19, 2010) ("Regrettably, even the cleanest of kitchens may attract bugs, and when cooking for large groups of people it is possible that bugs may enter the food undetected."); *Lunsford v. Reynolds*, 376 F. Supp. 526, 527 (W.D. Va. 1974) ("The only contention concerning food which is detailed at all, is the inmates' complaint that their food frequently contains insects. Nevertheless, occasional incidents of a foreign object contained in food, while regrettable, does not present a question of constitutional proportion.").

In light of this jurisprudence, the Court concludes this action is subject to dismissal because Plaintiff's allegations of foreign objects in his food on two occasions are insufficient to state a claim upon which relief may be granted.

**IV.**

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion.

Date: August 9, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendant
4416.011